## SUPREME COURT.

### WHITE agt. ANDERSON.

An *appeal* from one court to another lies only from the branch of review or last resort of the inferior court, if it have a branch of review.

The judicial action of the inferior court must be exhausted before resort by appeal to an appellate court. This results from the general principles governing the relations of courts of original and appellate jurisdiction, in the absence of statutory regulation on the subject.

Accordingly, an appeal from the marine court of the city of New-York to the common pleas, lies only from the decision or judgment of that court at general term—the court in that department exercising powers of review over decisions in its other departments.

*New-York Special Term, March,* 1856.

In this case a judgment was entered in the marine court by order of a single justice in favor of the plaintiff. From that judgment an appeal was taken directly to the common pleas at general term.

The plaintiff, denying the jurisdiction of the common pleas to entertain an appeal, refused to appear in that court.

. After the appeal to the common pleas was made, the plaintiff in the marine court applied to the justices and clerk of that court for an execution on his judgment in that court, on the ground that the appeal, being unauthorized by law, was of no effect, and the judgment of the marine court was still in force.

The marine court refused to issue the execution, and the plaintiff now applies to this court for a *mandamus,* directing them to issue it.

RICHARD BUSTEED, *for plaintiff.*
CHARLES E. BIRDSALL & GEO. SHEA, *for defendant.*

PEABODY, Justice. The claim on the part of the plaintiff is—

1. That no appeal lies from the marine court to the common pleas; and,

2. That if an appeal does lie at all, it lies only from the general term, composed of the three justices, on a judgment entered by order of the court thus organized.

Either of these propositions being decided in favor of the plaintiff, he is entitled to the relief he asks. The last proposition is urged on the ground that the court below, having a branch to which appeals from the judgment of a single justice may be taken for review, the defendant is bound, on general principles, to carry his case to that branch, before applying to a court of superior jurisdiction.

In *The People ex rel. Figaniere* agt. *The Justices of the Marine Court*, (2 *Abbott*, 126,) the general term of this court, on a motion for a *mandamus*, to compel the general term of the marine court to vacate its judgment, on the ground that no appeal lay from the decision of a single justice of that court to its general term, denied the motion, and decided that such an appeal did lie. This case decides that an appeal from a judgment, by order of a single justice, does lie to the general term of that court in a case like that; and if it lies in one case, it almost necessarily lies in all. The court, in the opinion given, say— "We think that an appeal lies to the general term from any and all judgments entered in that court by a single judge, and that whether the cause was tried with or without a jury. This power is given by the laws of 1853, § 5, chapter 617."

It only remains for us to inquire whether an appeal lies also to the common pleas directly from the same class of judgments. If it does, the party appealing is at liberty to appeal either to the general term of the marine court, or to the general term of the common pleas, or perhaps to both at his pleasure. This condition of the law is not to be presumed, and only to be admitted, if expressly ordained by the statute.

Prior to the statute of 1853, appeal from this class of judgments did lie to the general term of the common pleas *directly*, but the marine court, prior to that statute, had no general term, and no power to review its judgments. That statute created the general term, and conferred on it powers of review in cases like the present. It did this without expressly repealing the

statute under which the common pleas had previously enter-
tained these appeals, or altering by express terms the powers
of the common pleas in that respect; for no reference is made
in the act to that court, or to the course of practice then exist-
ing. The appellate powers of the court of common pleas were
then general, and applicable to all cases of judgment in the
marine court. The first judgment in a cause in that court then,
was the only one it could render, and from this judgment the
appeal to the common pleas was necessarily made *directly;* but
that statute gave the marine court powers of review, and the
question is, what effect had this endowment of the marine court
on the powers of the common pleas—or had it any? May that
court still entertain appeals directly from a judgment of a single
justice of the marine court, as it did when the latter court had
no power to review it, and such a judgment was the last and
only one the court could render? Or must an appeal from such
a judgment now be taken first to the general term of that court,
and the jurisdiction of the court in which the case originated
be exhausted before the aid of the appellate court can be
availed of?

An appeal from one court to another, ordinarily, and in the
absence of express provision to the contrary, lies only from the
ultimate judgment or decision of the inferior court. This
principle is recognized and approved by the court of appeals
in *Gracie* agt. *Freeland,* (1 *Comst.* 228,) and it is certainly quite
in harmony with our impressions of the relation of courts of
original and appellate jurisdiction.

While the court of original jurisdiction has powers of review
and relief, which have not been invoked, application to a higher
court for relief seems unnecessary, and not in harmony with the
theory on which the appellate court is constituted and supposed
to act. Resort to a higher court is provided for, and can only
be expedient after the powers of the inferior court have been
fully applied and exhausted, and when, from the constitution
and organization of that court, no further appeal or review, or
more grave deliberation and judgment can be had therein.
While, however, the branch or department of that court con-

White agt. Anderson.

stituted for review of its doings in other departments, and consequently the department in which the gravest and most mature deliberation should be had, has not been appealed to, it would be inconsistent with our ideas of the purpose and functions of an appellate court, to entertain jurisdiction for the purpose of correcting the errors of its inferior sister. The presumption should be, that the court of original jurisdiction will correct any errors it may have committed, and this presumption must remain until the powers of review possessed in that court have been appealed to unsuccessfully. The justice of the appellate court should be accessible to suitors only when all the powers of the inferior court, in its original and appellate capacity and organization, had been applied, and the justice of that court exhausted. The party has no need of the aid of the appellate court until he has tried in vain the highest and ultimate department or tribunal of the court from which he would go to the appellate court. To authorize a different construction from this, we ought to have unequivocal words to that effect. These we do not find; and my conclusion is, that an appeal from a judgment by order of a single justice must be, in the first instance, to the general term of the marine court. This is the practice in the supreme court, and to this practice reference is made in the statute conferring this jurisdiction, to show how it is to be exercised.

Whether an appeal lies to the common pleas from a judgment entered by order of the general term, it is not necessary that I should consider; as the appeal in this case was confessedly taken from a judgment entered by order of a single justice. I think, however, and am compelled to decide, that it does not lie from a judgment of the marine court, entered by order of a single justice, directly to the common pleas, but must, in the first instance, be taken to the appellate branch of the court in which it originated.